ORIGINAL

**FISHER & ROYLO, LLLC**

DONALD E. FISHER     6268-0
American Savings Bank Tower
1001 Bishop Street, Suite 1510
Honolulu, Hawaii  96813
Telephone:  (808) 536-0500
Facsimile:  (808) 536-0021
dfisher@copuloslaw.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 09 2010

at 3 o'clock and 30 min. P M.
SUE BEITIA, CLERK

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF HAWAII

| | |
|---|---|
| ESTATE OF WILLIAM BRYAN HUCKABEE, by and through its Executor LILLIAN ARRUBIO ABUAN; and LILLIAN ARRUBIO ABUAN, Individually, | Civil No. CV10 00385 DAE KSC (Medical Malpractice) |
| Plaintiffs, | COMPLAINT; SUMMONS |
| vs. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

### COMPLAINT

Come now Plaintiffs above named by and through their attorneys,

Fisher & Roylo, LLLC, and for cause of action against Defendant UNITED

STATES OF AMERICA, allege and aver as follows:

## COUNT I - NEGLIGENCE

### (as to William Bryan Huckabee, deceased)

1.      This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671 et seq. ("FTCA") based on the negligent acts and omissions of Defendant's employees or agents, as set forth in this Complaint.

2.      At all times relevant herein, Plaintiff Lillian Arrubio Abuan was on active duty in the armed forces of the United States of America and resided in the City of County of Honolulu, State of Hawaii, when the events giving rise to this lawsuit occurred.

3.      Plaintiff Abuan is the widow of Decedent William Bryan Huckabee.

4.      Prior to his death, Decendent William Bryan Huckabee was the dependent husband of Plaintiff Abuan, and resided in the City and County of Honolulu, State of Hawaii.

5.      Plaintiff Abuan is the duly court appointed Executor of the Estate of William Bryan Huckabee.

6.      At all times relevant herein, Defendant United States of America operated the healthcare facility Tripler Army Medical Center (hereinafter "TAMC") located in the City and County of Honolulu, State of Hawaii, and provided

healthcare services including but not limited to medical, surgical, and hospital care and treatment.

7.     At all times relevant herein, Defendant's TAMC represented itself to the public and to Plaintiffs as medical facilities and medical providers that had and possessed the requisite skill, competence, facilities, and personnel to properly care for and treat Decedent William Bryan Huckabee, while he was alive.

8.     At all times relevant herein, the Defendant provided personnel, including doctors  and others for the care and treatment of patients, including Decedent William Bryan Huckabee.

9.     At all times relevant herein, Decedent William Bryan Huckabee was in the exercise of ordinary care and caution for his own safety.

10.     At all times relevant herein, Defendant's employees, agents, representatives, including but not limited to physicians, who injured the Plaintiffs through their negligent acts and omissions were employed by Defendant and were acting in the course and scope of their employment throughout the period of their treatment of Decedent William Bryan Huckabee.

11.     Pursuant to the provisions of the FTCA, Plaintiffs filed administrative claims for personal injury, wrongful death and loss of consortium against the United States of America within the statutory period as required by law

for $10,000,000.00 (for Plaintiff Abuan) and $10,000,000.00 (for Plaintiff Estate).

Final administrative action was taken.  Plaintiffs' lawsuit following administrative

action is timely.

12.    This honorable Court has subject matter jurisdiction over the

matters set forth in this Complaint pursuant to 28 U.S.C. § 1346(b).  Venue is

appropriate in the District Court for the District of Hawaii pursuant to 28 U.S.C. §

1402.

13.    Injuries suffered by Plaintiffs occurred in the City and County

of Honolulu, State of Hawaii.  Decedent William Bryan Huckabee died in the State

of California due to the negligence of Defendant's employees, agents and/or

representatives as set forth in this lawsuit.

14.    In or about 1997, Decedent William Bryan Huckabee underwent

a bone-to-bone autograft anterior crucient ligament ("ACL") reconstruction of his

right knee.

15.    In or about April 2007, Decedent William Bryan Huckabee

suffered a right knee injury.

16.    Decedent William Bryan Huckabee's April 2007 right knee

injury was pre-operatively evaluated by employees, agents and/or representatives of

Defendant's Tripler Army Medical Center ("TAMC") as a re-rupture of the right

ACL.

17.     On or about May 1, 2007, Plaintiff Abuan's civilian dependent husband, Decedent William Bryan Huckabee, presented to Defendant's TAMC for a right knee diagnostic arthroscopy.

18.     Decedent William Bryan Huckabee specifically informed Defendant's employee and/or agent surgeons not to remove any hardware from the knee during the diagnostic arthroscopy.

19.     Defendant's TAMC surgeon, Timothy J. Trainor, MD, LCDR, MC, USN and David M. Freccero, MD, CPT, MC performed the right knee diagnostic arthroscopy of Decedent William Bryan Huckabee.

20.     The arthroscopy to be performed was to be strictly for diagnostic purposes, to determine the extent of Decedent William Bryan Huckabee's right knee injury.

21.     Prior to surgery, Plaintiff Huckabee specifically instructed Defendant's TAMC surgeons not to remove any hardware in Decedent William Bryan Huckabee's knee from the prior ACL reconstruction.

22.     Instead of following Decedent William Bryan Huckabee's specific instructions, the Defendant TAMC surgeons removed the ACL femoral interference screw from Decedent William Bryan Huckabee's right knee during the

5

diagnostic arthroscopy.

23.    Severe infection in Decedent William Bryan Huckabee's right knee followed, requiring amongst other medical procedures, further hospitalization, medical procedures, and ultimately and as a result, Decedent William Bryan Huckabee's died on July 11, 2007.

24.    Defendant, through its employees and/or agents, were failed to provide informed consent, negligent, committed medical torts, and breached the duty of due care owed to the Plaintiffs by deviation from applicable standards of care required of medical professionals, and by failure to provide informed consent by, including but not limited to the following:

a.    Failure to provide informed consent with respect to removal of hardware from Decedent William Bryan Huckabee's knee;

b.    Failure to provide informed consent by failing to follow Decedent William Bryan Huckabee's instructions;

c.    Failure to follow patient's instructions;

d.    Removal of hardware, thereby permiting infection in Decedent William Bryan Huckabee;

e.    The failure to properly administer medication and/or monitor and care for infection suffered by Decedent William Bryan Huckabee as a

result of the unauthorized removal of hardware;

       f.     The failure to perform appropriate testing;

       g.    The failure to properly monitor Decedent after the removal of the hardware.

      25.    Defendant is vicariously liable for the negligence of its agents and/or employees who were in the course and scope of their duties under the doctrine of <u>respondeat superior</u>.

      26.    As a result of the medical negligence of TAMC personnel and/or employees, Plaintiff Abuan suffered amongst other injuries, emotional distress and the loss of love, companionship, support and guidance of her husband, and the wrongful death of her husband.

      27.    As a direct and proximate result of the Defendant's negligence, Decedent William Bryan Huckabee suffered injuries and damages, including but not limited to wrongful death, conscious pain and suffering and expenses prior to his death.

      28.    As a direct and proximate result of the Defendant's failure to provide informed consent, negligent breach of the standard of care and the breach of the duty to exercise reasonable care in treating Decedent William Bryan Huckabee, Defendant caused Decedent William Bryan Huckabee to suffer a severe

infection resulting in physical pain and suffering, emotional distress and anguish, pain, loss of enjoyment of life, loss of earning capacity, inability to care for himself, loss of consortium, death and other special and general damages to be proven at trial.

## COUNT II - WRONGFUL DEATH

29.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 – 28 of Plaintiffs' Complaint as though fully set forth herein.

30.    Defendant, through the negligent acts heretofore alleged, is liable for the wrongful death of William Bryan Huckabee and the Plaintiffs are entitled to recovery for all those damages provided by Hawaii law in an amount to be proved at trial.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 – 30 of Plaintiffs' Complaint as though fully set forth herein.

32.    At all times relevant herein, Plaintiff Abuan suffered severe and devastating emotional distress by witnessing the deterioration of her husband, the

effects of the severe infection during the time period following the improper removal of hardware from her husband's knee, and his death.

33.   Plaintiff Abuan is entitled to compensation for her emotional distress arising out of the severe and avoidable injuries to her husband caused by the negligence of Defendant.

## COUNT IV -LOSS OF SPOUSAL CONSORTIUM

34.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 – 33 of Plaintiffs' Complaint as though fully set forth herein.

35.   At all times relevant herein, Plaintiff Abuan was the lawful wife of Decedent William Bryan Huckabee and by virtue of the negligence heretofore alleged, and Defendant's breach of its duties owed to Plaintiffs, Plaintiff Abuan suffered and continues to suffer a severe and permanent loss of spousal consortium as a result of the severe injuries to her husband and his ultimate death, causing damage in an amount to be proved at trial.

## COUNT VII - BREACH OF WARRANTY

36.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 – 35 of Plaintiffs' Complaint as though fully set forth herein.

37.     At all times relevant herein, TAMC personnel both expressly and impliedly warranted to Plaintiff that the course of treatment undertaken was the best and proper treatment for Decedent; Defendant breached said warranties.

38.     As a direct and proximate result of said breach of warranties, Plaintiffs sustained serious injuries and damages as described herein.

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant for general and special damages in an amount to be proven at trial.  Plaintiffs further pray to be awarded their costs of suit and such other and further relief as the Court deems just and proper.

DATED:  Honolulu, Hawaii, July 9, 2010.

_____

DONALD E. FISHER

Attorney for Plaintiffs
ESTATE OF WILLIAM BRYAN
HUCKABEE, by and through its Executor
LILLIAN ARRUBIO ABUAN
 LILLIAN ARRUBIO ABUAN,
Individually